## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIAN KOVALSKY                          :
107 Sidesaddle Way                       :
North Wales, PA 19454                    :
                                         :     CIVIL ACTION
            Plaintiff,                   :
      v.                                 :     No.:
                                         :
BERKADIA COMMERCIAL                      :
MORTGAGE, LLC *d/b/a* BERKADIA           :
323 Norristown Road, #300                :
Ambler, PA 19002                         :     **JURY TRIAL DEMANDED**
                                         :
            Defendant.                   :
                                         :

## CIVIL ACTION COMPLAINT

Plaintiff, Julian Kovalsky (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Berkadia Commercial Mortgage, LLC *d/b/a* Berkadia (*hereinafter* "Defendant") of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.).  Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over

Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6.      Plaintiff is an adult who resides at the above-captioned address.

7.      Berkadia Commercial Mortgage, LLC *d/b/a* Berkadia provides real estate services, including capital solutions, investment sales advisory, and research services, with an address as set forth in the above caption.  Plaintiff was hired through and worked out of this address.

8.      At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.      Plaintiff was hired by Defendant on or about September 16, 2019, as a Lead Product Designer, and in total, Plaintiff worked for Defendant for approximately 15 months before his unlawful termination (as discussed *infra*) on or about December 17, 2020.

11.      Plaintiff was primarily supervised by Head of Product Design, Mayr Budny (*hereinafter* "Budny") until in or about April of 2020, wherein he began to fall under management

of the branding team and Product Design Manager, Xand Griffin (*hereinafter* "Griffin"); however, he was still generally supervised by Budny, who was Griffin's direct supervisor.

12.     Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.  In fact, during his tenure with Defendant, Plaintiff played an instrumental part in Defendant's Design System Project, wherein he conducted the following high-level actions and deliverables:

     a.   Defined strategy, technology, process, procedures and adoption implementation;

     b.   Conducted research and composed architecture;

     c.   Built and designed tools and libraries for designers and developers;

     d.   Evangelized accessibility and collaborated with legal making it a company standard;

     e.   Trained and onboarded teammates; and

     f.   Conducted companywide system training which received lots of positive feedback.

13.     Nonetheless, leading up to Plaintiff's termination, Defendant committed interference and retaliation violations of the FMLA with regard to Plaintiff's requests/utilization for block FMLA leave both prior to and following the birth of his child (discussed further *infra*).

14.     For example, in or about January of 2020, Plaintiff notified Defendant's Human Resources ("HR") Department that his wife was due to give birth to his daughter in or about April of 2020 and submitted initial FMLA paperwork for leave to bond with his newborn daughter following his birth.   Plaintiff clarified with HR that he knew that he would not become eligible for FMLA leave until after his 1-year anniversary, on or about September 16, 2020, but wanted to be sure that Defendant was on notice of his anticipated leave.

15.     Also, in or about January of 2020, Plaintiff informed his direct supervisor, Budny

that he and his wife were having a baby and that he planned to take FMLA leave sometime around

November/December of 2020, but assured Budny that he wanted to make sure the Design System

Project he had been working on was in a "good place" before he commenced his FMLA leave.

16.     Soon after requesting/notifying Defendant's management of his intent to take

FMLA-qualifying leave to bond with his newborn daughter, Budny began to subject Plaintiff to

hostility and animosity through retaliatory and disparate treatment and behavior, clearly exhibiting

frustration with Plaintiff's need to take FMLA leave.  By way of example, but not intended to be

an exhaustive list:

a.  Budny treated Plaintiff in a rude and demeaning manner, and regularly talked down

to him;

b.  Budny criticized and scrutinized Plaintiff's work, often demeaning him and calling

him out in meetings without justification;

c.  In or about March of 2020, Plaintiff was suddenly moved under the supervision of

Griffin with no explanation; however, Budny also continued to oversee Plaintiff;

and

d.  Just over a month after Plaintiff's daughter was born on or about April 20, 2020,

and after Plaintiff utilized two weeks of personal leave, his title and role were

changed, without explanation, to a role that did not account for his development

duties.  When Plaintiff requested an explanation from Griffin, Griffin informed

Plaintiff that she would have to check with Budny, but neither Budny nor Griffin

addressed his concerns.

17.     Thereafter, in or about the beginning of July of 2020, Plaintiff informed Griffin that he was nearing his 1-year eligibility for FMLA leave, and would be utilizing said leave around November/December of 2020.

18.     Just a few weeks following his discussion with Griffin about his upcoming FMLA leave to bond with his newborn daughter, Plaintiff's title and role were again changed – this time to Principal Designer – without explanation – despite the fact that his overall duties remained the same.

19.     Thereafter, on or about August 13, 2020, Griffin reached out to HR to confirm that Plaintiff would be utilizing FMLA leave in a few months to bond with his newborn daughter.

20.     On or about September 4, 2020, HR approved Plaintiff's request for 12 weeks of FMLA leave to bond with his newborn daughter to commence in or about November/December of 2020.  Plaintiff had not yet finalized the exact dates of his upcoming FMLA leave as he wanted to ensure Defendant was comfortable with the status of the Design System Project he was working on and because he was fearful of losing his job as a result of hostility and animosity that Budny has exhibited toward him as a result of his request for FMLA leave.

21.     Just a few days following HR's approval of Plaintiff's aforesaid request for FMLA leave, Defendant hired Ian Jennings (*hereinafter* "Jennings") as a Senior UI Engineer, and Budny began to strip Plaintiff of his job duties in retaliation for and/or to interfere with Plaintiff's request for/utilization of FMLA leave in the near future to bond with his newborn daughter.  For example, but not intended to be an exhaustive list:

   a. Plaintiff was informed by Griffin that Budny no longer wanted him to attend technical planning meetings that had always been an essential function of his position;

5

b.  Budny by way of Griffin removed Plaintiff from the Design System Project he had

initiated and worked on for the duration of his employment with Defendant, and

oversight of the Project was given to Jennings;

c.  Griffin informed Plaintiff that Budny no longer wanted him to perform any

Developer functions, including coding; and

d.  Plaintiff was stripped of all of his prior job duties/functions and tasked only with

Designer/Developer handoff (training), which had no clear guidelines except those

that Plaintiff began to implement.

22.     Because of the aforesaid instances of retaliation and/or interference with Plaintiff's

FMLA rights by Defendant's management, Plaintiff was fearful that Defendant intended to

terminate him and/or to discourage him from taking FMLA leave in the near future to bond with

his newborn daughter.  As a result, he reported his concerns on several occasions to Griffin, but

they went unaddressed.

23.     Thereafter, on or about October 7, 2020, Plaintiff escalated his concerns of FMLA

interference and retaliation by Budny to HR representative, Jill Duffy (*hereinafter* "Duffy") via a

video call.

24.     Plaintiff submitted a formal written complaint to Duffy on or about October 19,

2020, wherein he addressed Budny's retaliatory hiring of his replacement and the removal of his

duties following his renewed request for FMLA leave to bond with his newborn daughter.

25.     When submitting his aforesaid complaint to HR, Plaintiff also suggested that he be

moved to another team where he would no longer be required to report to Budny or subjected to

her retaliation and/or interference with his requested FMLA leave.   Another team was even on

board with Plaintiff joining their team; however, upon Plaintiff's information and belief, HR never meaningfully considered his request.

26.     Rather, on or about December 3, 2020, Plaintiff received an email from Duffy stating that they had performed an investigation and determined that Plaintiff's complaints of FMLA interference/retaliation were unfounded, but that she hoped Plaintiff would "see an improvement in the way [Budny] treats you."

27.     Shortly thereafter, Plaintiff informed and/or confirmed with HR that he would be commencing his FMLA leave on or about January 18, 2021.[1]

28.     ***Approximately one week*** after finalizing the date for the commencement of his FMLA leave to bond with his newborn daughter, Plaintiff was abruptly terminated on or about December 17, 2020, and informed that his position had been eliminated.

29.     Defendant's purported reason for Plaintiff's termination – that his position had been eliminated – is clearly false and pretextual because *inter alia*: (1) Plaintiff consistently worked hard for Defendant and performed his job well; (2) Plaintiff did not have a history of progressive discipline while working for Defendant; (3) at no time leading up to Plaintiff's abrupt termination was he informed that his position/job duties were going to be eliminated; (4) upon Plaintiff's information and belief, the work that Plaintiff performed during his tenure with Defendant is vital and necessary for Defendant's operation, and his job duties are still being completed by at least one newly hired employee, Jennings, who took over Plaintiff's Design System Project duties; (5) upon Plaintiff's further information and belief, because of the multiple roles and duties he performed during his tenure with Defendant, he could have been placed in another role or

---

[1] Plaintiff had postponed his FMLA leave to bond with his newborn daughter for several months for fear of losing his job, but was required to utilize said FMLA leave within the first year of his daughter's birth or lose the ability to do so.

department within Defendant, including on the team he requested a transfer to (*see* Paragraph 25, *supra*), instead of being unceremoniously terminated; (6) Plaintiff was terminated in close proximity to his request for/anticipated utilization of  FMLA leave to care for his newborn daughter; and (7) Plaintiff was terminated in close proximity to his complaints of Defendant's management's FMLA violations.

30.     Plaintiff believes and therefore avers that he was terminated from his employment in violation of the FMLA (set forth *supra*).

**COUNT I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

33.     Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

34.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

35.     Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

36.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

37.     Plaintiff was terminated in close proximity to his requests for block FMLA leave to bond with his newborn daughter.

38.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; and (5) terminating Plaintiff for voicing concerns about Defendant's interference and retaliation violations of the FMLA.

39.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                              By:  _____
                                        Ari R. Karpf, Esq.
                                        3331 Street Road
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated:   December 30, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Julian Kovalsky | : | CIVIL ACTION |
| v. | : | |
| Berkadia Commercial Mortgage, LLC d/b/a Berkadia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 12/30/2020 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___107 Sidesaddle Way, North Wales, PA 19454_____

Address of Defendant: __323 Norristown Road, #300, Ambler, PA 19002_____

Place of Accident, Incident or Transaction: __Defendant's place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___12/30/2020_____    _____    ___ARK2484 / 91538___
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ____12/30/2020_____    _____    ___ARK2484 / 91538___
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

KOVALSKY, JULIAN

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

**DEFENDANTS**

BERKADIA COMMERCIAL MORTGAGE, LLC D/B/A BERKADIA

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | | | | | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)

Brief description of cause:
Violations of the FMLA.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE  12/30/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**Print**     **Save As...**                    **Reset**